IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MILTON RONNIE DANIEL, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:08-CV-275 (HL) |
| WILLIAM A. FEARS, | : | |
| Defendant | : | **ORDER** |

On August 21, 2008, plaintiff **MILTON RONNIE DANIEL**, an inmate at the Paulding Probation Detention Center in Dallas, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

In an Order dated August 21, 2008, the Court ordered plaintiff to pay an initial partial filing fee in the amount of $24.40. Plaintiff failed to pay the initial partial filing fee.

Therefore, in an Order to Show Cause dated October 7, 2008, the Court ordered plaintiff to show cause to the Court, before October 28, 2008, why his case should not be dismissed for failure to pay the initial partial filing fee. Plaintiff was ordered to advise the court: (1) what attempts, in any, he made to pay the required $24.40 initial partial filing fee; (2) whether he requested prison officials to withdraw the required amount from his account and to submit it to the Court; and (3) whether he wished to proceed with his lawsuit.

Plaintiff has failed to pay the initial partial filing fee or respond to the October 7, 2008 Order to Show Cause.[1]  Because of his failure to comply with the Court's instructions, plaintiff's case is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 4th day of November, 2008.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE

lnb

---

[1] Plaintiff filed a Motion for Recusal of Judge William A. Fears and a Motion to Modify Order of Probation Sentence on September 29, 2008.  As this action is being dismissed, the two motions are **DENIED** as well.  Additionally, plaintiff forwarded to this Court "newly discovered evidence to support [his] habeas corpus, filed in the Court of Appeals and Attorney General's office."  (R. at 8).  This is not a habeas corpus action and this Court cannot, pursuant to this 42 U.S.C. § 1983 action, "turn [his] conviction over and set [him] free" as he requests in the cover letter attached to this "newly discovered evidence."  The Court can only assume that plaintiff has a habeas action pending in the "Court of Appeals" and he may need these documents in that case.  Therefore, the Clerk of Court is **DIRECTED** to return the exhibits filed on November 3, 2008 to plaintiff in case he needs to use such exhibits in some existing or future habeas corpus action.